Judge Crenshaw
delrreied the opinion of the Court.
These two cases depend essentially upon the same 'principles, in October, 1550,- the appellees sued out attachments at law against'the appellant in the county of Washington# which were levied upon several slaves. The appellant gave bond, and" replevied the slaves. The attachments were returned to the Circuit Court of Washington, and at the October term, 1850, the appeb lant appeared and filed a notice, and entered his motion to quash the levy, and also filed a plea in abatement; the appellees filed replications which were joined, and a jury was sworn in each case to try the issue ; the jury found for the plaintiff, but assessed no damages:— Whereupon the Court gave judgment for the amount claimed in the attachment, and ordered a sale of the aU tached property.-
The appellant filed" his bills of exceptions, by which it appears that he read to the Court, “the agreements between the parties on which the attachments were respectively sued out,” and objected to the rendition of judgment by the Court without the intervention of a jury.
The bill of exceptions does not state what testimony ■was given to the jury, but shows the “agreements upon which the attachments were sued out,-” and that they were read to the Court, when he was about to proceed to render judgment.
We deem it unnecessary to notice the assignment of errors in detail. The agreements which were read to *113 tiie Court, involve inquiries into matters of fact, and upon them the Court had no right to render judgment without a jury.
The Court can* not assess dam* ges in suits upon articles of agreement where an inquiry into fact is necessary to asceriain the a* mount of damages.
The finding of the jury against a plea in abatement isfinal, and in cases where an assessment of damages is proper, the same jury should assess the damages: (3 San ders' Sep., siae page, 211.
—But if the jury fail to assess the damages, a jury to inquire of dam ages, should be called, not a ve-nire de nova.
Where property attach’d has been replevied, art order of sale is not proper.
Had the attachments issued upon notes or obligations for the direct payment of certain sums of money, the Court could have rendered judgment without a jury, but upon agreements in which the amounts are not certainly ascertained, he has no such right. The jury which was sworn to try the issue upon the plea in abatement, should have ascertained the damages. In all cases where an issue upon a plea in abatement is found for the plaintiff, the judgment against the defendant is final; and, if it.be a casein which a jury is necessary to ascertain the damages, and they have omitted to do so upon the trial of the issue, according to the English practice, a venire- de novo must be awarded, and the omission cannot even be supplied by a writ of enquiry. See 3c? Sanders’ Reports, side page 211, note 3. But where the issue has been tried, as in this case, upon the plea in abatement, it would certainly be an inconvenient and unnecessary and expensive practice to require a venire de novo. It is certainly the best course, and one which comports more with the liberal practice in this country, being equally prómotive of the ends of justice, to require Simply, where the jury have omitted to ascertain the damages, that a jury to enquire of damages be ordered, and not a venire de novo.
The fourth section of the attachment law, (3 Stat. Laws, 47,) provides that, in cases where the attached property has been replevied, the Court shall proceed to try the suit as other cases, but confers no authority upon the Court to order a sale of the attached effects-Where the property attached has not been replevied, the fifth section of the same law provides, that it shall be sold and disposed of in the same manner as goods taken upon a writ of fieri facias. In this case, the property having been replevied, it was irregular and improper in the Court to order its sale.
The levy of an attachment on slaves ■ is not void, tho’ there may bo personal property other than slaves sufficient.
R, J. Browne for plaintiff; Thurman for defendants.
It would have been more regular for the Court to dispose of the' motion which had been made to quash the levy, before proceeding to take other steps in the case; but it does not appear that the appellant ever called up his motion after it had been entered, and we suppose it was his own fault that it was not disposed of. Besides, it was made upon the ground that the officer had no right to levy upon slaves, when, as assumed, other personal property to a sufficient amount had been shown to him; and, if it be conceded that the fifteenth section of the execution law, approved, 12th February, 1828, applies to attachments, it is only directory to the officer, and does not render the levy either void or voidable. The appellant sustained no injury, therefore, in not having his motion formally overruled.
But the jury having omitted to assess damages, and the Court having erred in not ordering a jury to ascertain the damages, and in ordering a sale of the attached effects, the judgment is reversed, and the cause remanded with directions to set aside the judgment and order of sale, and for further proceedings in conformity with this opinion.